IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMAL SMITH,<br>               Plaintiff,<br><br>   vs.<br><br>JOHN E. WETZEL, *Secretary of Corrections*; BRIAN V. COLEMAN, *Superintendent State Correctional Institution*; R. MACKEY, *Hearing Examiner*; SUE BERRIE, *Hospital Administrator*; C.O. RICE*, Correctional Officer in the S.N.U.*; SHELLY MANKEY, *Unit Manager over E-A EB Block;* C.O. CUMMINGS; C.O. WILLIAM; C.O. SHAULIS, *the Madman Misconduct Writer on Inmates, who do not stand for Count*; MR. THOMAS, *Correctional Officer also known as* CLARK GABLE; C.O. MORAN; C.O. PATTERSON; C.O. HARVEY; KATHY McMILLAN, *Infirmry Nurse*; C.O. SGT. PHILIP SHIPLEY, *over The SNU Unit, and EB Block,*<br>               Defendants. | Civil Action No. 14-88<br>Chief Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 38 |

## **OPINION AND ORDER**

**Kelly, Chief Magistrate Judge:**

Pending before the Court is Defendants' Motion to Dismiss [ECF No. 38], seeking dismissal of this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. After review of the Motion, the brief filed in support thereof, and the extensive procedural history of this matter, and for the reasons that follow, the Motion to Dismiss is GRANTED, with prejudice, as to all Defendants and Rhonda House. In addition, to the extent Plaintiff moves this Court for

1

the third time for the appointment of counsel, and for the reasons that follow, Plaintiff's Motion to Appoint Counsel is DENIED.

**I. Facts and Relevant Procedural History**

Plaintiff Jamal Smith is an inmate currently incarcerated at the State Correctional Institution at Fayette ("SCI – Fayette") and has been granted leave to prosecute this *pro se* civil rights action without prepayment of costs. In his Complaint [ECF No. 3], Plaintiff alleges the violation of his constitutional rights arising out of Defendants' failure to provide prompt medical treatment and pain medication for a broken finger. Plaintiff alleges that on October 18, 2013, he broke his finger in a fall from his assigned top bunk bed, which does not have a safety rail. He further alleges that Defendants left him to suffer in pain until November 4, 2013, when he was taken to the hospital for surgery. Plaintiff alleges additional claims against Defendant Coleman and Rhonda House[1] for denying his grievances related to the fall.

On May 21, 2014, Plaintiff filed a Motion to Supplement Complaint, seeking to add a second Eighth Amendment claim against all Defendants for deliberate indifference in assigning him to a top bunk without a safety rail. [ECF No. 33]. Plaintiff alleged that because he is hard of hearing and wears a hearing aid, the Defendants violated his constitutional rights by assigning him to a top bunk. Because the law is firmly settled that such allegations fail to state a claim upon which relief can be granted, this Court entered a Memorandum Order on May 22, 2014, denying Plaintiff's motion to amend as futile. [ECF No. 35].

---

[1] Plaintiff has not named House as a defendant in the caption of this action, see, ECF Nos. 3 and 4, but, as acknowledged by Defendants, Plaintiff appears to set forth a claim against her in his Complaint. See, ECF No. 39, p. 8. Accordingly, in an abundance of caution, the Court shall treat House as if originally named as a defendant in this action.

On June 19, 2014, Defendants filed a Motion to Dismiss Complaint [ECF No. 38], arguing that Plaintiff has failed to allege facts sufficient to sustain any claim asserted against any Defendant.  On June 20, 2014, this Court issued an Order directing Plaintiff to file a response to Defendants' Motion to Dismiss [ECF No. 38].

On July 3, 2014, Plaintiff filed a second Motion for Leave to File an Amended Complaint.  The two page motion was not accompanied by a proposed amended complaint, and broadly alleged the violation of his right to equal protection under the Sixth and Fourteenth Amendments to the United States Constitution.  Plaintiff failed to allege any facts in support of these claims, with regard to the conduct of any individual Defendant.  Upon review of the pleadings, the Court determined that an equal protection claim was alluded to in Plaintiff's initial Complaint. Plaintiff's motion to amend failed to allege any additional facts supporting his equal protection claim and as such, the Court entered an Order denying Plaintiff's second Motion for Leave to File an Amended Complaint. [ECF No. 41] In the Order, Plaintiff was reminded of his ongoing obligation to file a response to the Motion to Dismiss no later than July 21, 2014.

On July 17, 2014, Plaintiff filed an appeal of the Order denying leave to amend his complaint to the United States Court of Appeals for the Third Circuit.  [ECF No. 43]. On October 28, 2014, Plaintiff's appeal was dismissed for failure to timely prosecute. [ECF No. 48].

Because Plaintiff failed to file his response to Defendants' Motion to Dismiss, this Court issued an Order to Show Cause on December 2, 2014, returnable on December 17, 2014, to show cause why this action should not be dismissed for failure to comply with a prior Court order. Plaintiff has filed objections to the Order to Show Cause [ECF No. 50] stating that he is entitled to pursue his action first, because this Court has twice denied his requests for the appointment of

counsel and second, because he has sufficiently alleged claims entitling him to declaratory relief and compensatory and punitive damages for the violation of his constitutional rights. Plaintiff also renews his previous motion for appointment of counsel, but does not allege any additional facts not previously considered by this Court.

In an abundance of caution given Plaintiff's *pro se* status, rather than dismiss this action for failure to prosecute, the Court shall treat his objections as they appear intended, *i.e,* as a response to the Motion to Dismiss and as a renewed Motion for Appointment of Counsel. For the following reasons, the Motion for Appointment of Counsel is DENIED and Defendants' Motion to Dismiss is GRANTED with prejudice.

## II. STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all of the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations.

Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5C Wright & Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Id. at 234, quoting Twombly, 550 U.S. at 556 n.3.

The United States Court of Appeals for the Third Circuit has expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, the Court must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

With regard to Plaintiff's third Motion for Appointment of Counsel, this Court has previously set forth the factors to be considered in weighing the propriety of Plaintiff's request. [ECF No. 36 and Text Order dated July 23, 2014]. As a threshold matter, the Court should

consider whether the plaintiff's claim has arguable merit in fact or law. Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997). See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). If the Court determines that the claim has some merit, the court should then consider the following factors:

1. the plaintiff's ability to present his or her own case;

2. the complexity of the legal issues;

3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

4. the amount the case is likely to turn on credibility determinations;

5. whether the case will require the testimony of expert witnesses; and

6. whether the plaintiff can attain and afford counsel on his own behalf.

Parham v. Johnson, 126 F.3d at 457. "The list of factors is not exhaustive, but instead should serve as a guidepost for the district courts. Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Id. at 458.

### III. DISCUSSION

**A. Motion to Dismiss**

Defendants seek dismissal of Plaintiff's Complaint as to all Defendants, contending that the allegations against them are insufficient to sustain a Section 1983 claim as a matter of law. In order to state an actionable civil rights claim under Section 1983, a plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity

6

secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141–42 (3d Cir.1990). Civil rights claims cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir.1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs ... [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

In this case, Plaintiff alleges in the Complaint that all Defendants acted with deliberate indifference to his medical needs. However, he fails to allege any specific facts to describe what any individual Defendants did to harm him. Simply put, Plaintiff has not sufficiently alleged the personal involvement of any of the Defendants.

Because Plaintiff alleges a violation of his Eighth Amendment rights, the claims against each Defendant much meet two requirements: (1) "the deprivation alleged must be, objectively, sufficiently serious;" and (2) the "prison official must have a sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). "In prison-conditions cases [the required] state of mind is one of 'deliberate indifference' to inmate health or safety." Id. "Deliberate indifference" is a subjective standard; the defendant "prison official ... must actually have known or been aware of the excessive risk to inmate

7

safety." Beers–Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001).  With regard to claims arising out of medical treatment, this Court has previously observed that in order to state a claim, a plaintiff must make sufficient factual allegations to allow a court to draw the reasonable inference that the [named] *defendant* is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662 (2009) (italics added)." Bracey v. Pennsylvania Dep't of Corr., No. 11-4 E, 2012 WL 750911, at *7 (W.D. Pa. Feb. 17, 2012*) report and recommendation adopted*, 2012 WL 762011 (W.D. Pa. Mar. 8, 2012).

Although Plaintiff has alleged that "the Defendants" did not provide prompt medical treatment for his broken finger, Defendants correctly argue that Plaintiff has not identified the role and/or circumstances in which most of the respective Defendants acted.  The sum and substance of Plaintiff's claim is set forth in the excerpts from the Complaint referred to by Defendants:

> Plaintiff was sleeping on the top bunk and he rolled off the bed, and fell to the floor, he suffered a broken finger, on his right hand. The top bunk has no safety bar to keep Plaintiff, from falling off and hitting the floor with full force, and broke his right hand finger.
>
> The Defendant's acted with 'deliberate' indifferences,' towards plaintiff, plaintiff filed a grievance concerning, this matter, Grievance Coordinator, Rhonda House, denied my complaints as frivolous.
>
> Plaintiff suffered severe pain for days before he was taken to Allegheny County Hospital, the Doctors, operated on his right hand broken finger, on 11-4-13, Plaintiff suffered mental and emotional injury's, '42 U.S.C.A. Sec. 1997e(2). Plaintiff was denied pain medication, for his broken finger.
>
> Plaintiff filed an appeal to Superintendent Brian, (Brian) V. Coleman, he upheld the Grievance Coordinator's decision of frivolous.

> Plaintiff is a Black man and the prison official's, are bias, and prejudice against Black inmates. No matter where you appeal to the Chief Hearing Examiner, he denied his broken finger as frivolous.

Complaint (Doc. # 3), at §§ II.¶ D., III., IV.¶ E.3. and IV.¶ G.

These allegations fail to establish what role and/or what involvement each of the respective Corrections Defendants had with respect to the underlying constitutional violation alleged. With respect to the crux of Plaintiff's claim of deliberate indifference, he does not identify what treatment he received, what treatment he requested or what treatment was denied. Plaintiff also fails to identify with any particularity the nature and scope of any interaction he had with each of the Defendants.

In the absence of any well-pleaded facts identifying actions allegedly taken any of the named Defendants, dismissal of Plaintiff's claims as to all Defendants is mandated.

In addition, with regard to Rhonda House and Defendant Coleman, Plaintiff's claims against them arise solely out of their participation in denying Plaintiff's grievances filed after his injury. As previously noted, to establish liability for the deprivation of a constitutional right, a plaintiff must demonstrate personal involvement by a defendant. Rode v. Delarciprete, 845 F.2d at 1207. Simply, participation in the after-the-fact review of a grievance or appeal is insufficient to establish personal involvement in the underlying violation of a plaintiff's rights. Id. at 1208 (finding the filing of a grievance insufficient to show the actual knowledge necessary for personal involvement); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir.2006) (holding that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prison grievance, did not establish that the officials and administrators were

involved in the underlying misconduct).

Based on the foregoing, Plaintiff's allegation that Coleman and House should be held liable for alleged constitutional violations because they reviewed and denied Plaintiff's grievances is insufficient to state a claim upon which relief may be granted.

**B. Motion for Appointment of Counsel**

This is Plaintiff's third motion for the appointment of counsel. He first requested the appointment of counsel on May 21, 2014 [ECF No. 31]. In an order dated May 22, 2014, [ECF No. 36], Plaintiff's request was denied. His second motion for the appointment of counsel was filed with the Court on July 17, 2014, [ECF No. 44], and denied in a text order dated July 23, 2014. In his third motion for the appointment of counsel, it does not appear that Plaintiff is adding any new averments to those set forth in his previous two petitions nor has he offered the Court any basis for exercising its discretion that has not already been considered.

Therefore, for the reasons set forth in the Court's order dated May 22, 2014, and because consideration of the factors set forth in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), does not warrant the appointment of counsel in this instance, we decline to exercise our discretion to appoint counsel for Plaintiff in the prosecution of this action. See Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997).

**IV. CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss [ECF No. 38] is GRANTED, with prejudice, and Plaintiff's Motion for Appointment of Counsel is DENIED. An appropriate Order follows.

# **ORDER**

AND NOW, this 5th day of January 2015, upon consideration of Defendants' Motion to Dismiss [ECF No. 38], and the brief filed in support thereof, as well as consideration of Plaintiff's Complaint, his objections to the Order to Show Cause [ECF No. 50], and the extensive procedural history of this action, and for the reasons set forth in the accompanying Opinion, IT IS HEREBY ORDERED that the Motion to Dismiss is GRANTED with prejudice as all Defendants, including Rhonda House.

IT IS FURTHER ORDERED that Plaintiff's third Motion for Appointment of Counsel is DENIED.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the Plaintiff wishes to appeal from this Order he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BY THE COURT,

/s/MAUREEN P. KELLY
Chief United States Magistrate Judge

cc: Counsel of record via CM/ECF

    Jamal Smith
    JT-3625
    SCI Fayette
    Box 9999
    LaBelle, PA 15450-0999